IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEBORAH JEAN S., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:19-cv-2423-M-BN |
| | § | |
| ANDREW M. SAUL, Commissioner of Social Security, | § § § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn. *See* Dkt. No. 4.

Plaintiff Deborah Jean S. seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). *See* Dkt. No. 16. The Commissioner has filed a brief in opposition, s*ee* Dkt. No. 19, and Plaintiff has filed her reply, *see* Dkt. No. 20.

For the reasons explained below, the hearing decision should be reversed.

**Background**

Plaintiff alleges that, since May 1, 2016, she has been disabled due to lymphedema, depression, neuropathy, and two back surgeries. *See* Dkt. No. 16 at 1. After her application for a period of disability and disability insurance benefits was denied initially and on reconsideration, Plaintiff requested a hearing before an

administrative law judge. A hearing was held on November 27, 2018. *See* Administrative Record [Dkt. No. 13-1 ("Tr.")] at 84-104. At the time of the hearing, Plaintiff was 46 years old, had an eleventh-grade education, and had past work experience as a grocery cashier. Plaintiff has not engaged in substantial gainful activity since May 1, 2016.

The ALJ concluded in his written decision that Plaintiff was not disabled and therefore not entitled to benefits. *Id.* at 13-26. He found that Plaintiff's severe impairments included "uterine carcinoma, post chemotherapy, lymphedema of the left leg, degenerative disc disease (DDD) of the lumbar spine, peripheral neuropathy, and obesity" but that these impairments did not meet or equal the criteria of a severe impairment under the social security regulations. *Id.* at 14. He further determined that Plaintiff has the residual functional capacity to do light work and could perform her past duties as a grocery cashier. *Id.* at 18-22.

Plaintiff appealed the ALJ's decision to the Appeals Council, and the Council affirmed.

Plaintiff then filed this action. Plaintiff challenges the ALJ's decision on two grounds: (1) the ALJ erred in finding that she did not have a severe mental impairment and (2) the ALJ's finding the she could perform light work is not supported by substantial evidence.

## Legal Standards

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a

whole and whether Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo. See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923. The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Id.*

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

"In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See id.*

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty,

the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

The ALJ committed reversible error at Step Two because, although he applied the appropriate severity standard for mental impairments, substantial evidence does not support his finding that Plaintiff's depression was not severe.

### I. The ALJ applied the appropriate legal standard for mental impairments.

In the Fifth Circuit, the Commissioner must apply the severity standard set forth in *Stone v. Heckler*, 752 F.2d 1099 (1985) when making a severity determination at Step Two of the sequential process. Under *Stone*, "[a]n impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience.'" 752 F.2d at 1101.

A court must assume that the "ALJ and Appeals Council have applied an incorrect standard to the severity requirement unless the correct standard is set forth by reference to [*Stone*] or another [opinion] of the same effect, or by an express statement that the construction [the Fifth Circuit gave] to 20 C.F.R. § 404.1520(c) (1984) is used." *Id.* at 1106.

Here, the Commissioner concedes that the ALJ did not cite to *Stone* or a similar case. Dkt. No. 19 at 3-4. In the applicable law section, the ALJ stated that an impairment is not severe "when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work." Tr. at 11 (citing 20 C.F.R. § 404.1522; SSRs 85-28, 16-3p). The "minimal effect" standard stated by the ALJ is inconsistent with *Stone* because it allows for a minimal effect on the claimant's ability to work, while the *Stone* severity standard does not allow for any interference with work ability. *See Scroggins v. Astrue*, 598 F. Supp. 2d 800, 805-06 (N.D. Tex. 2009); *see also Craaybeek v. Astrue*, No. 710-CV-054-BK, 2011 WL 539132, at *6 (N.D. Tex. Feb. 7, 2011) ("The United States District Court for the Northern District of Texas is uniform in its refusal to find that the standard applied in this case is the standard set out in *Stone*.").

Notwithstanding this failure, the Court must look beyond the use of "magic words" and determine whether the ALJ applied the correct severity standard. *See Hampton v. Bowen*, 785 F.2d 1308, 1311 (5th Cir. 1986). That is, the presumption may be rebutted by a showing that the ALJ applied the correct legal standard,

regardless of the ALJ's recitation of the severity standard, *see Morris v. Astrue*, No. 4:11-cv-631-Y, 2012 WL 4468185, at *9 (N.D. Tex. Sept. 4, 2012), *rec. adopted*, 2012 WL 4466144 (N.D. Tex. Sept. 27, 2012), or that the ALJ's application of the incorrect standard was harmless, *see Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012).

The ALJ applied the correct standard for mental impairments. Courts in this district have found that an ALJ's use of the special technique for evaluation of mental impairments found in the 20 C.F.R. § 404.1520a is sufficient to show application of the correct severity standard. *See Stephanie Z. v. Berryhill*, No. 3:17-CV-1581-BN, 2018 WL 4467470, at *4 (N.D. Tex. Sept. 18, 2018) (collecting cases). "Although the technique does not contain the severity standard set forth in *Stone*," the ALJ's adherence "to the technique [is] not be inconsistent or contrary to *Stone*." *Id.* at *4; *see also Andrews v. Astrue*, 917 F. Supp. 2d 624, 634-36 (N.D. Tex. 2013) (concluding that use of technique for evaluation of mental impairments was consistent with *Stone* severity standard).

Here, as required under the technique, *see* 20 C.F.R. § 404.1520a(a), the ALJ rated the degree of functional limitation caused by Plaintiff's medically determinable mental impairment of depressive disorder in the four broad functional areas: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation, *see id.* § 404.1520a(c)(3). The ALJ rated the degree of limitation as "mild" in the first three functional areas and as "none" in the fourth area. The ALJ therefore found the impairment not severe as required under the technique. *See* 20 C.F.R. § 404.1520a(d)(1). Because the ALJ adhered to the

requirements of the special technique, the Court should find that the severity standard applied is consistent with *Stone*. *See Garcia v. Berryhill*, 880 F.3d 700, 705 (5th Cir. 2018) (finding ALJ's failure to cite *Stone* harmless where the ALJ "rigorously considered the four broad functional areas set out in the disability regulation for evaluating the severity of mental disorders").

## II. Substantial evidence does not support the ALJ's determination that Plaintiff's mental impairment was not severe.

The ALJ's conclusion that Plaintiff's "medically determinable mental impairment of depressive disorder does not cause more than minimal limitation in [her] ability to perform basic mental work activities and is … nonsevere," Tr. at 14, is not supported by substantial evidence. Specifically, substantial evidence does not support the ALJ's rejection of the examining mental health professionals' opinions or the ALJ's medical conclusions drawn from treatment notes.

In his written decision, the ALJ considered the medical reports from Becky F. Wynn, FNP, and Ashley Gartner, Psy.D., who both conducted in-person mental health examinations; Sharen Ozarowski, FNP, who conducted several physical examinations; and state agency psychological consultants Joel Forgus, Ph.D., and Ryan Hammond, Psy.D., who reviewed Plaintiff's medical records.

Ms. Wynn conducted a "Mental Health Status Report" on May 10, 2017. *Id.* at 304-06. Ms. Wynn noted that Plaintiff's general appearance and grooming were "good," that Plaintiff was "oriented to person, place and time," had "clear thinking," and had normal memory, attention, and concentration. *Id.* at 304-05. Ms. Wynn also noted that Plaintiff's "motor behavior [was] slow and flat," her "speech [was] flat and

monotoned," her mood and affect was "flat but sometimes tearful," she had "scattered thoughts," she felt "depression every day and sadness," and she had to "depend on [her] husband for judgment." *Id.* Based on these observations, Ms. Wynn diagnosed Plaintiff with depression, with a guarded prognosis. *Id.* at 305-06. Ms. Wynn concluded that Plaintiff had "difficulty in social settings due to depression," and that she "does not handle stress and change well." *Id.* at 306.

On June 7, 2017, Dr. Gartner conducted a psychological consultative mental status examination. Dr. Gartner found that Plaintiff "was oriented to person, place, time, and situation, she could spell the word 'world' forward but not backward, and she was able to complete a request to name the months of the year in reverse order without errors." *Id.* at 17 (citing Tr. at 392). And Plaintiff's "judgment and remote memory were satisfactory, her short-term memory [was] average, and her thought process [was] coherent." *Id.* Dr. Gartner also noted Plaintiff's posture was slumped, her facial expression was flat, and her mood was depressed. *Id.* at 391. Dr. Gartner diagnosed Plaintiff with severe major depressive disorder. *Id.* at 392. Regarding Plaintiff's functional capacity, Dr. Gartner concluded that Plaintiff "may have difficulty comprehending complex instructions at times," "cannot persist in work-related activity at a reasonable pace," and "is likely to feel easily overwhelmed when faced with normal amounts of stress in a work environment." *Id.* Dr. Gartner found that Plaintiff's prognosis was guarded, concluding that Plaintiff's symptoms would "likely persist" and "continue to hinder her functioning in social and occupational contexts." *Id.*

Ms. Ozarowski saw Plaintiff multiple times between August 2017 and August 2018 for weight loss, musculoskeletal pain, and for a breast examination. During an August 2017 examination, Ms. Ozarowski assessed Plaintiff suffered from depression but noted Plaintiff had otherwise normal psychiatric findings during the physical exam. *Id.* at 407. From March through August 2018, Ms. Ozarowski noted Plaintiff's psychiatric findings were normal. *Id.* at 411-30. In March and April 2018, Ms. Ozarowski noted that Plaintiff denied "feeling down, depressed, hopeless, or feeling little interest or pleasure in doing things." *Id.* at 410, 415. And in May, June, and August 2018, Ms. Ozarowski noted that Plaintiff reported she had "not at all" been bothered with those same feelings. *Id.* at 418, 423.

State agency psychological consultants Joel Forgus, Ph.D., and Ryan Hammond, Psy.D., each considered the above medical records. They both diagnosed Plaintiff with depressive disorder, severe. *Id.* at 66, 81.

In making his decision at Step Two, the ALJ rejected in whole the opinions of Dr. Forgus and Dr. Hammond because they were "not persuasive" and "inconsistent with the lack of treatment seeking for the alleged mental symptoms with a mental health professional, the claimant's updated normal mental status examinations, and the acknowledgment that [Plaintiff's] medications help." *Id.* at 15. For the same reasons, the ALJ also assigned the opinions of Ms. Wynn and Dr. Gartner "no weight," adding that these opinions were "inconsistent with the more recent psychiatric examinations and reports from the claimant that she has 'not at all' been

bothered with feeling little interest or pleasure in doing things, feeling down, depressed, or hopeless." *Id.* at 15-16.

"Even though the 'ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion,' the issue here is that there is insufficient evidence to support the ALJ's conclusion." *Quinn v. Saul*, No. 1:19-CV-253-FKB, 2020 WL 5083862, at *4 (S.D. Miss. Aug. 27, 2020) (quoting *Salmond v. Berryhill*, 892 F.3d 812, 818 (5th Cir. 2018)). Both Dr. Gartner and Ms. Wynn diagnosed Plaintiff with depression and concluded that her depression would affect her functioning in social and occupational settings. In rejecting these opinions, the ALJ relied primarily on the treatment notes from the exams by Ms. Ozarowski. But these examinations were not "psychiatric examinations" as the ALJ stated; rather, they were physical examinations for physical maladies. "The notations that Plaintiff had normal mood and affect during a physical examination are not psychiatric examinations that would contradict [Dr. Gartner's and Ms. Wynn's] opinion[s] concerning Plaintiff's functional abilities and diagnoses." *Boone v. Colvin*, No. 3:14-CV-1881-BN, 2015 WL 3999336, at *6 (N.D. Tex. July 1, 2015). The treatment notes from Ms. Ozarowski do not address Plaintiff's work limitations due to depression and do not provide enough reason to reject the earlier assessments from the mental health exams.

And the ALJ's reliance on selected portions of the reports from Dr. Gartner and Ms. Wynn does not amount to substantial evidence. Despite rejecting their opinions, the ALJ cited to treatment notes from Dr. Gartner's report to support his findings for each functional area of the special technique, and to portions of Dr. Wynn's report to

support his overall conclusion. But the ALJ relied only on the findings that supported his conclusion and rejected the contrary notes and diagnoses without a proper basis. That type of selective evidence does not constitute substantial evidence. Indeed, "the ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his position." *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000).

Rather than rely on the mental health professionals' opinions, the ALJ seems to have rejected any diagnoses contrary to his conclusion based on his own medical assumptions. For example, the ALJ noted that Plaintiff "denied feeling down, depressed, hopeless, or feeling little interest or pleasure in doing things," which, in his opinion, "is unlikely to be the case if the claimant experienced ongoing psychological symptoms." Tr. at 14-15. "In some cases, it may be reasonable for the ALJ to weigh a doctor's treatment notes against the doctor's medical opinion. But the principle that an ALJ should not substitute his lay opinion for the medical opinion of experts is especially important in a case involving a mental disability." *Lopez v. Saul*, No. SA-19-CV-01088-ESC, 2020 WL 4934462, at *6 (W.D. Tex. Aug. 22, 2020); *see also Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003) (quoting *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990)) ("[J]udges, including administrative law judges of the Social Security Administration, must be careful not to succumb to the temptation to play doctor.").

Both Dr. Gartner and Ms. Wynn found that Plaintiff's depression could affect her functioning in social and occupational contexts. They made these assessments based on the same treatment notes that the ALJ interpreted to be normal. The ALJ's

lay opinion about how Plaintiff's depression would affect her ability to work, without the help from medical experts, is not substantial evidence. *See Blades v. Comm'r of Soc. Sec. Admin.,* No. 3:01-cv-2483-K, 2003 U.S. Dist. LEXIS 23165, at *24 (N.D. Tex. Dec. 12, 2003) (citing *Scott v. Heckler,* 770 F.2d 482, 485 (5th Cir. 1985)) (noting ALJ "may not substitute [his] opinion for the opinion of a treating physician whose testimony is uncontroverted").

For these reasons, the Court should find that the ALJ's decision is not supported by substantial evidence. An ALJ may weigh and reject competing medical opinions, *see Taylor,* 706 F.3d at 603, but may not substitute his lay opinion for the uncontroverted medical opinions mental health professionals who performed psychiatric examinations of Plaintiff, *see Blades*, 2003 U.S. Dist. LEXIS 23165, at *31-*32.

Because the ALJ's RFC determination may change if his Step Two determination changes, the Court need not consider Plaintiff's argument that substantial evidence does not support the ALJ's RFC determination.

Remand is appropriate here because Plaintiff has been prejudiced by the ALJ's error. The ALJ's decision regarding whether Plaintiff's depression was severe may have been different had the ALJ considered the rejected medical opinions.

## Conclusion

The hearing decision should be reversed, and this case should be remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED.

DATED: January 4, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE